**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CR-00248-BP |
| | ) | |
| BARRETT PRELOGAR, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

Defendant Barrett Prelogar ("Prelogar"), by and through undersigned counsel, Justin K. Gelfand, Sara G. Neill, Sanford J. Boxerman, and the law firm of Capes, Sokol, Goodman and Sarachan, P.C., respectfully moves this Court to direct the United States to file a Bill of Particulars pursuant to Federal Rule of Criminal Procedure 7(f).

"The purpose of the bill of particulars is to apprise the defendant of the charges against him with sufficient precision to enable him to prepare his defense…and this purpose is particularly well-served in complicated income tax prosecutions." *United States v. Horton*, 526 F.2d 884, 887 (5th Cir. 1976).

Based on the indictment, Prelogar is unable to ascertain with sufficient precision the nature of the case against him and he is, therefore, unable to adequately prepare his defense to the tax evasion charge alleged because he is not apprised of the method of proof on which the United States will rely with respect to Count One of the Indictment which alleges that he attempted to evade and defeat the payment of the Trust Fund Recovery Penalty and federal income tax. (Doc. 1).

In particular, Prelogar respectfully moves this Court to order the United States to file a Bill of Particulars stating the following:

1. With respect to Count One, the method(s) of proof on which the United States will rely to prove the existence of a tax liability;
2. With respect to Counts One and Two, parenthetical (1), the alleged personal expenditures which Prelogar allegedly paid with corporate funds; and
3. With respect to Counts One and Two, parenthetical (2), the specific transactions that allegedly constituted structuring.

If the United States will rely on an indirect method of proof (as opposed to the specific items method of proof), Prelogar may seek leave of this Court to file a subsequent motion for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f).

## I. Background

Prelogar is charged in a pending indictment with one count of willfully attempting to evade and defeat the payment of the Trust Fund Recovery Penalty and the payment of income tax in violation of 26 U.S.C. § 7201, and one count of corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws in violation of 26 U.S.C. § 7212(a). (Doc 1).

With respect to Count One, the United States must prove the existence of a substantial tax due and owing beyond a reasonable doubt. 26 U.S.C. § 7201.

To prove a substantial tax due and owing in a tax evasion case, the United States may use the specific items method of proof or judicially-approved indirect methods of proof including the net worth method of proof, the expenditures method of proof, the bank deposits method of proof, and in very limited circumstances, certain hybrid methods of proof. *See generally Holland v.*

*United States*, 348 U.S. 121, 121-32 (1954). However, the use of indirect methods of proof requires careful scrutiny by the courts because circumstantial methods of proof impose hazards to the innocent. *See, e.g., id*. at 131-32 (enumerating a number of hazards to the innocent imposed by the net worth method of proving unreported income in a tax evasion case). Because the methods of proof can be very technical and profoundly important, it is critical for a criminal defendant charged with tax evasion to be apprised of the method(s) of proof on which the prosecution will rely for each tax evasion count—and there is no reason the United States should be entitled to hide the ball with respect to the legally-recognized method of proof against which Prelogar must prepare a defense. This analysis does not change in an evasion of payment case such as this versus an evasion of assessment case.

This indictment does not put Prelogar on notice as to the method of proof on which the United States will rely with respect to the tax evasion count alleged. (*See* Doc. 1). To date, the United States has provided Prelogar with discovery in this case, but did not do so within fourteen days after arraignment. Thus, this Court should not hold Prelogar to the requirement that a motion for bill of particulars must be filed "before or within 14 days after arraignment" and the Rule provides that this Court may permit the defendant to file a motion for bill of particulars "at a later time." Fed. R. Crim. P. 7(f). This motion could not be filed within 14 days after arraignment because Prelogar did not yet have time to digest the voluminous discovery and this motion is being filed within this Court's pretrial motions deadline.

## II. Argument

This Court should direct the United States to file a bill of particulars because the indictment lacks the specificity necessary to enable Prelogar to prepare his defense, and there is an unacceptable risk of surprise to Prelogar in this matter.

A bill of particulars protects a criminal defendant's Sixth Amendment "right…to be informed of the nature and cause of the accusation." U.S. Const., Amend VI. As the United States Court of Appeals for the Tenth Circuit has explained, "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Tyler*, 42 Fed. Appx. 186, 190 (10th Cir. 2002) (quoting *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996)). An indictment is legally sufficient only if "it sets forth the elements of the offense charged and sufficiently apprise[s] the defendant of the charges to enable him to prepare for trial." *Ivy*, 83 F.3d at 1281.

In this circuit, it is black letter law that a "district court, in its discretion, may order the government to provide requested additional detail where the particulars set out in the indictment fail sufficiently to apprise the defendant of the charges *to enable him to prepare a defense.*" *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986) (emphasis added). In this way, a bill of particulars will "inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (internal quotations and citations omitted).

The indictment charges Prelogar with evasion of payment, but the indictment is cryptic in terms of which method of proof on which the United States will rely to prove a required element of tax evasion: a substantial tax due and owing. Adequately preparing a defense to tax evasion requires an understanding of the method of proof on which the United States will rely, *especially* if the United States will rely on an indirect method of proof.

Federal courts routinely grant motions for bills of particulars in tax evasion cases such as this. As the United States Court of Appeals for the Fifth Circuit emphasized, "The purpose of the

bill of particulars is to apprise the defendant of the charges against him with sufficient precision to enable him to prepare his defense…and this purpose is particularly well-served in complicated income tax prosecutions." *Horton*, 526 F.2d at 887. Indeed, while federal courts generally disfavor bills of particulars in routine cases where discovery may obviate the need for a bill of particulars, "[a] more liberal approach to such motions has been permitted in criminal tax cases because of their complexity and the use of indirect methods of proof." *United States v. DeGroote*, 122 F.R.D. 131, 141 (W.D.N.Y. 1988) (ordering bill of particulars in criminal tax case regarding multiple methods of proof); *United States v. Goldstein*, 56 F.R.D. 52, 55 (D. Del. 1972) (ordering bill of particulars as to method of proof in tax evasion case, reasoning that "requiring a defendant to develop alternative defenses to the three alternative theories that the Government might proceed upon would result in the expenditure of a great deal of unnecessary labor, and even possibly impair an adequate preparation of a defense which a defendant will, in fact, need to raise at trial" and that "the Government's case will not be unduly prejudiced by disclosing the particular theory which it intends to use at trial to prove omitted income"); *United States v. Hedman,* 458 F.Supp. 1384 (N.D. Ill.1978) (ordering bill of particulars as to method of proof in criminal tax case); *United States v. O'Neill,* 20 F.R.D. 180 (E.D.N.Y.1957) (same); *see also United States v. Jaskiewicz,* 278 F.Supp. 525 (E.D. Pa.1968) (ordering bill of particulars based on the prosecution's commitment to prove tax due and owing based on the net worth method of proof).

In this case, the indictment alleges Prelogar paid personal expenditures with corporate funds. All Prelogar is asking this Court to require of the prosecution with respect to this issue is to identify in a bill of particulars which particular expenditures the Government alleges are at issue. This is particularly important because whether a particular expense is properly deductible

requires an in-depth analysis of the particular facts and circumstances—an exercise no different from the analysis the IRS itself conducts in carrying out a routine civil audit. In this case, discovery is voluminous and the Government's investigation spans multiple years. Requiring Prelogar to guess which expenditures the Government will analyze at trial is neither fair nor practicable in ensuring that Prelogar may prepare his defense.

Furthermore, the Government generally alleges that Prelogar engaged in "structuring." With respect to this issue, all Prelogar is asking this Court to require of the prosecution is to identify in a bill of particulars which transactions the Government alleges were *structured*. In this case, given the volume of discovery and in particular, the volume of bank records, requiring Prelogar to guess as to which transactions the Government alleges constitutes structuring would not ensure that Prelogar has the charges pled with sufficient precision to enable him to prepare his defense to these serious charges.

Prelogar has the right to be informed of the charges against him "with sufficient precision to allow him to prepare his defense." *Tyler*, 42 Fed. Appx. at 186. Prelogar should be apprised of the information requested to prepare his defense which will possibly require consultation with an expert witness on complicated federal tax matters.

**III. Conclusion**

As the federal courts have recognized, the purpose of a bill of particulars is to apprise the defendant of the charges against him with sufficient precision to enable him to prepare his defense "and this purpose is particularly well-served in complicated income tax prosecutions." *Horton*, 526 F.2d at 887. As such, Prelogar respectfully requests that this Court grant the requested bill of particulars.

Capes, Sokol, Goodman & Sarachan, P.C.

*/s/ Justin K. Gelfand*

Justin K. Gelfand, #62265MO
Sanford J. Boxerman, #37436MO
Sara G. Neill, #53053MO
7701 Forsyth Blvd., 12th Floor
Clayton, MO 63105
Telephone: (314) 721-7701
Facsimile: (314) 721-0554
gelfand@capessokol.com

***Attorneys for Prelogar***

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Justin K. Gelfand*
Justin K. Gelfand, #62265MO
7701 Forsyth Blvd., 12th Floor
Clayton, MO 63105
Telephone: (314) 721-7701
Facsimile: (314) 721-0554
gelfand@capessokol.com

***Attorney for Prelogar***