# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17-CR-00248-BP |
| BARRETT PRELOGAR, | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION FOR EXPERT DISCLOSURE

Defendant Barrett Prelogar, by and through undersigned counsel, Justin K. Gelfand, Sara G. Neill, Sanford J. Boxerman, and the law firm of Capes, Sokol, Goodman and Sarachan, P.C., respectfully moves this Court to require the Government to provide notice no later than ninety (90) days before trial of expert witnesses pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G).

### I.  Background

Prelogar is charged in a pending indictment with one count of willfully attempting to evade and defeat the payment of the Trust Fund Recovery Penalty and the payment of income tax in violation of 26 U.S.C. § 7201, and one count of corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws in violation of 26 U.S.C. § 7212(a). (Doc 1). Prelogar has pleaded not guilty to both counts.

### II.  Argument

"At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G).

"The summary…must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id*. The Advisory Committee Note to the 1993 amendment states that the required production under Rule 16 is intended to be comprehensive and "should cover not only written and oral reports, tests, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts." *See United States v. Cerna,* 2010 WL 2347406 *1 (N.D. Cal. 2010) (unpublished) ("[T]he bases and reasons must be sufficient to allow counsel to frame a *Daubert* motion (or other motion in limine), to prepare for cross-examination, and to allow a possible counter-expert to meet the purport of the case-in-chief testimony").

The scope of the expert notice is significant. Federal courts have been clear that conclusory letters or reports are insufficient. *See, e.g. United States v. Caputo*, 382 F.Supp.2d 1045 (N.D. Ill. 2005) ("It is exceedingly difficult to cross-examine a scientific expert witness about the results of a scientific test without an opportunity to first review the test giving rise to the results"); *United States v. Robinson*, 44 F.Supp.2d 1345, 1346 (N.D. Ga. 1997) ("If a defendant does not have the bases for the government's opinion, there is no way the defendant's counsel can effectively cross-examine the expert. It is this issue, which goes to the fairness of the trial, that the court must always keep in mind in dealing with discovery issues in a criminal case"); *United States v. Wilkerson*, 189 F.R.D. 14, 16 (D. Mass. 1999) ("[M]ore is required than a statement to the effect that such and such examiner will testify" about the test results).

On August 31, 2017, Prelogar formally requested disclosure of expert witnesses pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and Federal Rules of Evidence 702, 703, and 705. In this criminal tax case, Prelogar is requesting expert witness disclosures ninety days before trial so as to enable him to adequately evaluate the expert testimony and to retain a

defense expert if necessary. This is particularly important in criminal tax matters such as this because complicated accounting work may be necessary for the defense to evaluate the Government's expert witness's opinions and for a defense expert witness to form opinions. Given that the Government indicted this case several months ago after a lengthy investigation spanning several years, a request for disclosure well in advance of trial is not unreasonable.

### III. Conclusion

Prelogar respectfully requests that this Court require the Government to provide notice no later than ninety (90) days before trial of expert witnesses pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G).

Capes, Sokol, Goodman & Sarachan, P.C.

*/s/ Justin K. Gelfand*
Justin K. Gelfand, #62265MO
Sanford J. Boxerman, #37436MO
Sara G. Neill, #53053MO
7701 Forsyth Blvd., 12th Floor
Clayton, MO 63105
Telephone: (314) 721-7701
Facsimile: (314) 721-0554
gelfand@capessokol.com

***Attorneys for Prelogar***

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Justin K. Gelfand*
Justin K. Gelfand, #62265MO
7701 Forsyth Blvd., 12th Floor
Clayton, MO 63105
Telephone: (314) 721-7701
Facsimile: (314) 721-0554
gelfand@capessokol.com

***Attorney for Prelogar***