IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CR-00248-BP |
| | ) | |
| BARRETT PRELOGAR, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR NOTICE BY THE GOVERNMENT OF ITS
INTENTION TO RELY UPON RULE 404(b) EVIDENCE**

Defendant Barrett Prelogar, by and through undersigned counsel, Justin K. Gelfand, Sara G. Neill, Sanford J. Boxerman, and the law firm of Capes, Sokol, Goodman and Sarachan, P.C., respectfully moves this Court to require the Government to provide notice, no later than sixty days before trial, of its intention to rely upon evidence that falls within the scope of Federal Rule of Evidence 404(b).

**I.  Background**

Prelogar is charged in a pending indictment with one count of willfully attempting to evade and defeat the payment of the Trust Fund Recovery Penalty and the payment of income tax in violation of 26 U.S.C. § 7201, and one count of corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws in violation of 26 U.S.C. § 7212(a). (Doc 1). Prelogar has pleaded not guilty to both counts.

**II.  Argument**

The Government is required to provide notice reasonably in advance of trial "of the general nature of any such evidence that the prosecutor intends to offer at trial." Fed. R. Evid.

404(b)(2)(A).  As to timing, this Court has broad discretion and the facts of each case dictate what constitutes "reasonable notice."  *See, e.g., United States v. Kern*, 12 F.3d 122, 124 (8th Cir. 1993).

Based on the allegations in this criminal tax case and, in particular, the layers of complexity as to certain evidence that may fall within Rule 404(b), Prelogar respectfully requests notice at least sixty days in advance of trial so as to enable him to conduct a reasonable investigation upon disclosure and to raise any legal objections, if appropriate, with this Court sufficiently in advance of trial.  This is especially appropriate because the Government's investigation in this case focused, at various times, on conduct not alleged in the indictment; to the extent the Government intends to introduce evidence regarding those allegations, Prelogar requests sufficient time to evaluate the Government's theory of admissibility and to raise legal objections before trial.

### III. Conclusion

Prelogar respectfully requests that this Court require the Government to provide notice no later than sixty days before trial of its intention to rely upon evidence that falls within the scope of Federal Rule of Evidence 404(b).

Capes, Sokol, Goodman & Sarachan, P.C.

*/s/ Justin K. Gelfand*
Justin K. Gelfand, #62265MO
Sanford J. Boxerman, #37436MO
Sara G. Neill, #53053MO
7701 Forsyth Blvd., 12th Floor
Clayton, MO 63105
Telephone: (314) 721-7701
Facsimile: (314) 721-0554
gelfand@capessokol.com

***Attorneys for Prelogar***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ *Justin K. Gelfand*
Justin K. Gelfand, #62265MO
7701 Forsyth Blvd., 12th Floor
Clayton, MO 63105
Telephone: (314) 721-7701
Facsimile: (314) 721-0554
gelfand@capessokol.com

**Attorney for Prelogar**