# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CR-00248-BP |
| | ) | |
| BARRETT PRELOGAR, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS COUNT TWO BASED ON NEW BINDING LEGAL AUTHORITY

Defendant Barrett Prelogar ("Prelogar"), by and through his undersigned counsel, Justin K. Gelfand and the law firm of Margulis Gelfand, LLC, and Sanford J. Boxerman and Sara G. Neill and the law firm of Capes, Sokol, Goodman & Sarachan, P.C., respectfully files this reply.

The purpose of this reply brief is to address the fundamental core of the Government's theory as to Count Two. With respect to that count, the Government states that it "intends to prove at trial that Prelogar designed his actions to obstruct the IRS's ongoing efforts—particularly levies—to collect specific tax liabilities." (Doc. 51). Thus, when all is said and done, a fundamental question before this Court for purposes of this pretrial motion is whether this alleged conduct, even if true, is sufficient to fall within the scope of Section 7212(a). Based on the U.S. Supreme Court's recent decision in *Marinello*, the answer is a clear and resounding no.

In *Marinello*, the Court explained that the Government must prove a nexus "between the defendant's conduct *and a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative proceeding*." *Marinello v. United States*, 138 S. Ct. 1101, 1109 (2018) (internal quotations omitted) (emphasis added). Indeed, "the Government must show

that *the proceeding* was pending at the time the defendant engaged in the obstructive conduct or, at the least, was then reasonably foreseeable by the defendant." *Id*. at 1110 (emphasis added). As such, the fatal flaw with the Government's position is that a levy which happens to be in place at any given time is not "a particular administrative proceeding, such as an investigation [or] an audit." *Id*. at 1109.

Indeed, in *Marinello*, the Supreme Court drew a bright line: Section 7212(a) does not apply to "virtually all government efforts to collect taxes" and "does not cover routine administrative procedures." *Id*. at 1104. Instead, the "statutory context confirms that the text refers to specific, targeted acts of administration." *Id*. at 1106. And the Supreme Court "found nothing in the statute's history suggesting that Congress intended the Omnibus Clause as a catchall applicable to the entire Code including the routine processing of tax returns, receipt of tax payments, and issuance of tax refunds." *Id*. at 1107. Thus, the question becomes whether the Government's prosecution theory as to this count falls within the requirement that an allegedly obstructive conduct must be targeted as "a particular administrative proceeding." *Id*. at 1109. The Supreme Court's words in this respect echo loudly: "By 'particular administrative proceeding' we do not mean every act carried out by IRS employees in the course of their continuous, ubiquitous, and universally known administration of the Tax Code." *Id*. at 1109-10 (internal quotations omitted). That conduct "does not include routine, day-to-day work carried out in the ordinary course by the IRS, such as the processing of tax returns." *Id*. at 1110. The issuance of levies and similar tax-related collection procedures are precisely the kind of "day-to-day work carried out in the ordinary course by the IRS"; it is what the IRS as an agency does. *Id*.

The Government's theory in this case falls squarely outside the scope of Section 7212(a) as refined by *Marinello*. This is because, even if the Government's allegations are true (which

Prelogar adamantly denies), there is no nexus between the acts alleged in the indictment (using corporate funds to pay personal expenses, structuring cash withdrawals from a corporate account, and/or cashing payroll checks instead of depositing them) and an IRS "proceeding." *See id*. That a levy happened to be in place does not somehow change that analysis.

For the Government's theory to carry the day, the same kinds of conduct that the Supreme Court expressly rejected in *Marinello* could be the basis of a Section 7212(a) count if a single IRS levy was in place. For example, if a taxpayer with a levy in place finds a $5 bill on the sidewalk and uses it to buy a cup of coffee instead of depositing it into her bank account, would the Government really argue that falls within the scope of Section 7212(a) in that the taxpayer who happened upon a $5 bill was *obstructing* the *proceeding*? Or if a waiter with a levy in place receives a large cash tip and pockets it instead of depositing it into his bank account, would the Government really argue that falls within the scope of Section 7212(a) in that the taxpayer waiter was *obstructing* the *proceeding*? This Court need not speculate, because the Supreme Court rejected the notion that paying a babysitter in cash without withholding taxes, leaving a large cash tip in a restaurant, failing to keep donation receipts, and/or failing to provide every record to an accountant falls within the scope of the statute. *See id*. at 1108.

What the Government is trying to do in this case is argue that alleged conduct that is in no way tied to an actual IRS *proceeding* (*e.g.* an audit or an investigation) and is at most linked to a pending levy (an allegation which Prelogar adamantly denies), somehow falls within the scope of Section 7212(a). Because this violates the limitations imposed by *Marinello*, the charge as alleged is improper and must be dismissed.

**MARGULIS GELFAND, LLC**

*/s/ Justin K. Gelfand*
Justin K. Gelfand
8000 Maryland Avenue, Suite 420
St. Louis, MO 63105
(314) 390-0230 (p)
(314) 485-2264 (f)
justin@margulisgelfand.com
*Attorney for Prelogar*


**CAPES SOKOL, PC**

*/s/ Sanford J. Boxerman*
Sanford J. Boxerman
7701 Forsyth Blvd., Suite 1200
St. Louis, MO 63105
(314) 721-7701
boxerman@capessokol.com
*Attorney for Prelogar*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

**MARGULIS GELFAND, LLC**

*/s/ Justin K. Gelfand*
Justin K. Gelfand
8000 Maryland Avenue, Suite 420
St. Louis, MO 63105
(314) 390-0230 (p)
(314) 485-2264 (f)
justin@margulisgelfand.com
***Attorney for Prelogar***