# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **United States of America,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Criminal Action Number** |
| ) | **17-00248-01-CR-W-BP** |
| **Barrett Prelogar,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

On August 8, 2017, defendant Barrett Prelogar ("Prelogar") was indicted for alleged violations of two federal tax statutes, to wit: 26 U.S.C. § 7201 [Count I] and 26 U.S.C. § 7212(a) [Count II]. Pending before the Court are the DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT FOR FAILURE TO STATE AN OFFENSE (Doc. #30) and the DEFENDANT'S MOTION TO DISMISS COUNT TWO OF THE INDICTMENT BECAUSE THE STATUTE IS UNCONSTITUTIONALLY VAGUE AND BROAD (Doc. #31) filed on December 29, 2017, by Prelogar. The Court has considered all of the briefing by the parties. After full consideration, the undersigned makes the following recommendation that Prelogar's motions be denied.

With regard to Count I of the Indictment, Prelogar is alleged to have utilized various acts so as to avoid the payment of a Trust Fund Recovery Penalty ("TFRP") owed by Prelogar to the United States. The tax statute at issue in Count I provides:

> Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony . . . .

26 U.S.C. § 7201. Prelogar argues that the amount he allegedly owes is a "penalty" and not a "tax" and, thus, is not within the purview of Section 7201.

A TFRP, such as that owed by Prelogar, is generally imposed on a taxpayer to collect unpaid employment taxes.

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. . . .

26 U.S.C. § 6672. Critically, for purposes of the present motion, the Internal Revenue Code – while undeniably referring to a TFRP assessment as a "penalty" – further explicitly provides:

> The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to "tax" imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter.

26 U.S.C. § 6671(a).

A plain reading of Section 6671(a) leads to the inescapable conclusion that a reference to "tax imposed" in a statute under the Internal Revenue Code [Title 26] must be deemed to include a "penalty" provided in the subchapter [Subchapter B: Accessible Penalties]. The TFRP at issue derives from this subchapter. As such, even if the TFRP is on one hand a penalty, it is, on the other hand, also deemed to be a tax imposed by the Internal Revenue Code. The allegation in Count I of the indictment states a viable claim on its face.

With regard to Count II, Prelogar argues that the statute at issue – 26 U.S.C. § 7212(a) – is unconstitutionally vague and/or overbroad, both facially and "as applied" in this case to Prelogar. The statute provides:

> Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an

2

> official capacity under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both, except that if the offense is committed only by threats of force, the person convicted thereof shall be fined not more than $3,000, or imprisoned not more than 1 year, or both.

26 U.S.C. § 7212.

In *Marinello v. United States*, 138 S. Ct. 1101 (2018), the Supreme Court held that Section 7212(a) requires the government to prove at trial that there was a nexus, *i.e.*, a relationship in time, causation or logic, between the defendant's obstructive acts and "a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action." *Id*. at 1109. The Court further held that the government must prove "that the proceeding was pending at the time the defendant engaged in the obstructive conduct or, at the least, was then reasonably foreseeable by the defendant." *Id.* The requirement was imposed by the Court to address overbreadth issues with Section 7212(a).

> The Government argues that the need to show the defendant's obstructive conduct was done "corruptly" will cure any overbreadth problem. But we do not see how. . . . Neither can we rely upon prosecutorial discretion to narrow the statute's scope.

*Id*. at 1108. The *Marinello* court seemingly recognized an overbreadth issue with Section 7212(a) and remedied any Constitutional infirmity with its holding. Assuming the government is held to the proper proof standards set out by the Supreme Court,[1] this Court cannot conclude that Section 7212(a) is constitutionally overbroad.

---

[1] Such issues are not presently ripe for consideration of any alleged constitutional harm to Prelogar. It will be incumbent on the parties and the trial court to address application of *Marinello* when the case proceeds to a trial.

3

A claim of constitutional vagueness admittedly was not considered by the Court in *Marinello*. Nonetheless, the Court finds that, as interpreted by the Supreme Court, Section 7212(a) afforded Prelogar "fair notice of the conduct [the statute] punishes" and the Court does not find that Section 7212(a) is "so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015).

In supplemental briefing with the Court, Prelogar additionally argues that, in light of the holding in *Marinello*, Count I of the Indictment herein is deficient because it does not specifically allege any "nexus" between Prelogar's purported obstructive acts and any particular administrative proceeding. Prelogar argues that the "nexus" holding pronounced by the Supreme Court establishes an element of a Section 7212(a) violation and, as such, a nexus finding must be included in the Indictment. *Compare Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 2907 (1974) ("[A]n indictment is sufficient if it, first, contains the elements of the offense charged."). The government, however, contends that the "nexus" holding in *Marinello* merely establishes an evidentiary and level-of-proof benchmark that the Government must meet at trial and, as such, the Indictment – which tracks the language of Section 7212(a) – is constitutionally sufficient. *Id*. ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself.").

A recent district court decision, *United States v. Lawson*, 2018 WL 3375170, at *4-5 (D. Alaska July 5, 2018), *report and recommendation adopted,* 2018 WL 3370517 (D. Alaska July 10, 2018), followed the reasoning advanced by Prelogar and concluded that the *Marinello* nexus requirement was an element of a Section 7212(a) offense that must be included in an indictment. In reaching that conclusion, however, the *Lawson* court rejected the reasoning that had been articulated by several other courts in construing the impact of earlier Supreme Court opinions.

In *United States v. Aguilar*, 515 U.S. 593, 115 S. Ct. 2357 (1995), the Supreme Court held that the omnibus clause in 18 U.S.C. § 1503 (which prohibits endeavors to influence, obstruct or impede the due administration of justice) requires the government to prove a "nexus" between the defendant's obstructive endeavors and a specific judicial proceeding. *Id*. at 599, 115 S. Ct. at 2362. Similarly, a decade later, in *Arthur Andersen LLP v. United States*, 544 U.S. 696, 125 S. Ct. 2129 (2005), the Supreme Court extended *Aguilar*'s "nexus" requirement to 18 U.S.C. § 1512(b)(2)(A)(B), which criminalizes corruptly persuading another to withhold documents from an official proceeding. *Id*. at 707-08, 125 S. Ct. at 2136-37.

Following the *Aguilar* decision (and later the *Arthur Andersen* decision), courts considered whether a "nexus" allegation was a required element of Section 1503 and/or Section 1512(b)(2) such that an indictment failing to specifically include the requirement was subject to dismissal. In nearly every case, the courts concluded that a dismissal was not appropriate. As succinctly summarized recently by one district court:

> This Court [finds] that "nexus" need not be alleged in the indictment. Nexus is an issue of proof, rather than an issue of the sufficiency of the indictment.

*United States v. Pirk*, 267 F. Supp. 3d 392, 398 (W.D.N.Y. 2017). *See also United States v. Meza*, 2017 WL 1371102, at *4 (S.D. Cal. Apr. 7, 2017); U*nited States v. Pugh,* 2015 WL 9450598, at *16 (E.D.N.Y. Dec. 21, 2015); *United States v. Moyer*, 726 F. Supp. 2d 498, 507 (M.D. Pa. 2010); *United States v. Ring*, 628 F. Supp. 2d 195, 223 (D.D.C. 2009); *United States v. Black*, 469 F. Supp. 2d 513, 543 (N.D. Ill. 2006); *United States v. Triumph Capital Group, Inc.*, 260 F. Supp. 2d 470, 475 (D. Conn. 2003); *United States v. Gabriel*, 920 F. Supp. 498, 501 (S.D.N.Y. 1996), *aff'd,* 125 F.3d 89 (2d Cir. 1997).

Inasmuch as the Supreme Court's decision in *Marinello* explicitly cites to and relies, in part, on the prior decisions in *Aguilar* and *Arthur Andersen*, the Court finds these district court decisions to be relevant and persuasive. And like those other courts, this Court also finds that the nexus requirement articulated by the Supreme Court – in this case by the Court in *Marinello* – need not be specifically included in an indictment charging a violation of 26 U.S.C. § 7212(a).

Accordingly, it is

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** the Defendant's Motion to Dismiss Count One of the Indictment for Failure to State an Offense (Doc. #30) and the Defendant's Motion to Dismiss Count Two of the Indictment Because the Statute is Unconstitutionally Vague and Broad (Doc. #31) filed on December 29, 2017, by Prelogar.

Counsel are reminded that each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

    */s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**