IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CR-00248-BP |
| | ) | |
| BARRETT PRELOGAR, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS TO
REPORT AND RECOMMENDATION**

Defendant, Barrett Prelogar, by and through his undersigned counsel, respectfully objects to the Report and Recommendation ("R&R") issued by the Magistrate Judge on October 9, 2018 (Doc. 65).

The R&R recommends that this Court deny two pretrial motions filed by Prelogar. In the first motion (Doc. 30), Prelogar seeks dismissal of that portion of Count I that purports to charge him with evading a *tax* based upon his alleged failure to pay the trust fund recovery *penalty*, which is a penalty and not a tax. In the second motion (Doc. 31), Prelogar seeks dismissal of Count II, which purports to charge him with corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws.

### I. Count I

This Court should dismiss Count I to the extent Count I rests upon Prelogar's alleged non-payment of the trust fund recovery penalty because the statute allegedly violated in Count I criminalizes only willful evasion of a *tax*, and a penalty is not a tax. Count I charges Prelogar with tax evasion pursuant to a statute imposing punishment upon "[a]ny person who willfully attempts in any manner to evade or defeat any *tax* imposed by this title or the payment thereof." 26 U.S.C.

§7201 (emphasis added). Count I of the indictment in this case, however, alleges that Prelogar "did willfully attempt to evade and defeat the payment of the Trust Fund Recovery Penalty (TFRP) due and owing by him to the United States of America."

The TFRP relates to, but is not the same as, withholding taxes owed by a corporation or other employer. The obligation to withhold certain taxes from an employee's paycheck rests upon the company. The obligation to pay over to the Government the withheld funds also rests upon the company. In this case, the indictment alleges that Winntech Digital Systems, Inc., owed unpaid payroll taxes for certain specified quarters.

If a company fails to pay over the withheld funds, the Internal Revenue Code provides a mechanism for the Government to collect an equivalent amount from other sources. Specifically, the Code enables the IRS to assess against a responsible company official "a penalty" equal to the amount of withholding taxes owed but unpaid by the company. *See* 26 U.S.C. §6672(a). Before the IRS may assess the penalty, however, the Code requires the IRS to follow certain procedures and provide official notice and the opportunity to protest the imposition of the penalty. *See id.* at 6672(b) ("[n]o *penalty* shall be imposed under subsection (a) unless the" IRS follows the prescribed procedures) (emphasis added).

In this case, it is this TFRP penalty which forms the basis of part of the tax evasion charge alleged in Count I. Prelogar himself owed no withholding taxes, and the indictment does not allege that he did. The indictment alleges that Prelogar owed the TFRP "which had been assessed against him personally" after the alleged nonpayment by Winntech of its obligations. Because the tax evasion statute only punishes the willful evasion of a tax, however, this portion of Count I fails to state an offense against Prelogar and must be dismissed.

At least one Circuit Court has unequivocally stated that a tax evasion conviction can rest, as section 7201 plainly states, only upon the willful evasion of a tax, and may not be based on the alleged evasion of a penalty. In *United States v. Wright*, 211 F.3d 233 (5th Cir. 2000) a case cited in Prelogar's motion but not discussed in the R&R, a defendant convicted of tax evasion challenged the conviction on the basis that he "had no underlying tax deficiency, . . . that he owed only interest and penalties and could not be prosecuted for evasion if no tax was owed." *Wright*, 211 F.3d at 236.

The Fifth Circuit agreed with the defendant's legal position. The Court analyzed section 7201 in light of Supreme Court precedent holding that no violation of section 7201 can occur absent a "*tax* deficiency." *Id.* (citing *Sansone v. United States*, 380 U.S. 343, 351 (1965)) (emphasis added). The Court noted that the Code's deficiency procedures do not extend to interest and penalties. The Court declared, "We decline to assume a broader meaning for a 'tax deficiency' under 7201 than under the deficiency proceedings provision, *especially when 7201 attaches criminal liability to the debt owed*." *Id.* at 236. (emphasis added).[1] Prelogar respectfully suggests that this straightforward and common-sense proposition clearly compels dismissal of that portion of Count I based upon alleged evasion of the TFRP.

A statutory provision relied upon in the R&R does not support a contrary result. Specifically, this Court should not be misled into believing that the second sentence of 26 U.S.C. §6671(a) somehow transmogrifies a penalty into a tax for purposes of the criminal tax evasion statute. That section states, in its entirety:

---

[1] While the defendant in *Wright* won the battle, he lost the war, as the Court, after completely agreeing with him that section 7201 may not be used to prosecute alleged evasion of a penalty (or interest), went on to find, as a factual matter, that the defendant, during the alleged period of evasion, did owe tax, as distinct from penalties and interest. *See Wright*, 211 F.3d at 237. That result in no way undermines the principle, applicable to the case at bar, that a tax evasion prosecution must rest on allegations of evaded tax, not an allegedly-evaded penalty.

3

> The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to "tax" imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter.

26 U.S.C. §6671(a).

When the second sentence of the subsection is read in conjunction with the first sentence, it becomes apparent that the second sentence was not meant to amend section 7201's requirement that criminal liability only attach when a defendant willfully violates a tax and not a penalty. The first sentence states the principle that the IRS should have the same tools for the assessment and collection of penalties as it enjoys for the assessment and collection of taxes. The second sentence means that Code provisions relating to the assessment and collection of taxes should also apply to the assessment and collection of penalties.

The second sentence of section 6671(a) cannot mean—and does not mean—that a person can be convicted of criminal tax evasion for evading a penalty where section 7201 only criminalizes the willful evasion of a tax. Assessment and collection are civil matters. Criminal punishment stands on a different footing. Criminal liability should not be imputed for alleged evasion of a penalty where section 7201 uses the word "tax" and only the word "tax"; a circuitous game of hopscotch through the provisions of the Internal Revenue Code is not a proper way to effect a *de facto* amendment of section 7201, a felony statute carrying with it the possibility of imprisonment. As the Fifth Circuit put it, this Court should decline to assume a broader meaning for the second sentence of section 6671(a), "especially when 7201 attaches criminal liability to the debt owed." *Wright*, 211 F.3d at 236.

4

## II. Count II

This Court should dismiss Count II of the indictment because a recent Supreme Court decision has eviscerated the legal viability of that count. Count II charges Prelogar with violating the "Omnibus Clause" of 26 U.S.C. §7212(a), which imposes criminal liability on any person who "corruptly . . . obstructs or impedes, or endeavors to obstruct or impede, the due administration of" the Internal Revenue Code. Count II alleges that Prelogar's commission of the following acts renders him guilty of violating the Omnibus Clause: (1) using corporate funds to pay personal expenses; (2) structuring cash withdrawals from a corporate bank account; and (3) cashing payroll checks instead of depositing them into a personal bank account. (Doc. 1).

In December, 2017, Prelogar filed his motion to dismiss Count II on the grounds that the Omnibus Clause of section 7212(a) is unconstitutionally vague and broad. (Doc. 31). In support of that motion, Prelogar attached a portion of the transcript of the December 2017 oral argument before the Supreme Court in a case entitled *Marinello v. United* States. The exchanges among multiple members of the Court and counsel for both the Petitioner and the Government demonstrated quite dramatically that no one, including the Court, seemed to have any clear understanding as to what conduct the Omnibus Clause proscribed.

About three months later, the Supreme Court issued its opinion in *Marinello. See* 138 S.Ct. 1101 (2018). In that opinion the Court held:

> We conclude that, to secure a conviction under the Omnibus Clause, the Government must show (among other things) *that there is a "nexus" between the defendant's conduct and a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action.* That nexus requires a relationship in time, causation, or logic with the administrative proceeding . . . .
>
> In addition to satisfying this nexus requirement, the Government must show that *the proceeding was pending at the time the defendant engaged in the*

> *obstructive conduct or, at the least, was then reasonably foreseeable by the defendant.*

*Marinello*, 138 S.Ct. at 1109-10 (internal quotations omitted) (emphasis added).

In the case at bar, Count II must be dismissed, because the conduct alleged in that count as violative of the Omnibus Clause utterly fails to fall within the parameters enunciated by the Court in *Marinello*. None of the acts alleged in the indictment bear any relationship to any particular administrative proceeding, much less an administrative proceeding that was pending at the time of the conduct or reasonably foreseeable by Prelogar.

In one of its pleadings on Prelogar's motion to dismiss Count II, the Government states that it "intends to prove at trial that Prelogar designed his actions to obstruct the IRS's *ongoing* efforts – particularly levies – to collect specific tax liabilities." (Doc. 51 at p. 7) (emphasis added). Unfortunately for the Government, however, this proof—even if the Government could supply it which Prelogar disputes—does not meet the standard set forth in *Marinello*. Indeed, this type of argument represents an example of an approach which the Court in *Marinello* specifically *rejected* as insufficient to constitute a violation of the Omnibus Clause. The Court stated that section 7212(a) does not apply to "virtually all government efforts to collect taxes" and "does not cover routine administrative procedures." *Marinello*, 138 S.Ct. at 1104. Further, the Court "found nothing in the statute's history suggesting that Congress intended the Omnibus Clause as a catchall applicable to the entire Code including the routine processing of tax returns, receipt of tax payments, and issuance of tax refunds." *Id.* at 1107.

There's more. As the Supreme Court explained in no uncertain terms, "By 'particular administrative proceeding' we do not mean every act carried out by IRS employees in the course of their *continuous, ubiquitous, and universally known* administration of the Tax Code." *Id.* at 1109-10 (internal quotations omitted) (emphasis added). That conduct "does not include routine,

day-to-day work carried out in the ordinary course by the IRS, such as the processing of tax returns." *Id.* at 1110.

It would be difficult to find a better example of the continuous, ubiquitous, routine and day-to-day work carried out in the ordinary course by the IRS than the issuance of levies and similar tax-related collection procedures. The conduct alleged in Count II to support the charge that Prelogar violated the Omnibus Clause of section 7212(a) simply falls outside the realm of what is required to establish a violation of that statute. Count II should be dismissed.

Alternatively, this Court should dismiss Count II because it fails to allege the required nexus between Prelogar's alleged acts of obstruction and a particular administrative proceeding. The only Court to have thus far addressed this issue supports Prelogar's position. In *United States v. Lawson*, 2018 WL 3375170 (D. Alaska July 5, 2018) *report and recommendation adopted,* 2018 WL 3370517 (D. Alaska July 10, 2018), an opinion cited in the R&R, the Court held that an indictment attempting to allege a violation of the Omnibus Clause must include allegations that satisfy the *Marinello* nexus requirement.

This Court should follow the well-reasoned, common-sense approach set forth in *Lawson* and, in conducting a *de novo* review, should overrule the R&R's basis for not adhering to that view. The *Lawson* Court's decision starts with the non-controversial premise that "[a]n indictment fails to state an offense when it fails to allege *all of the elements* of the charged offense." *Lawson*, 2018 WL 3375170 at *2 (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 239 (1998)) (emphasis added). "An indictment that tracks the statutory language of the charged offense is sufficient *so long as the statute itself 'unambiguously set[s] forth all elements necessary to constitute the offense.*" *Id.* (quoting *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (emphasis added)). *See also United States v. Zangger*, 848 F.2d 923, 925 (8th Cir. 1988) ("[i]f an

7

essential element of the charge has been omitted from the indictment, the omission is not cured by the bare citation of the charging statute").

In the case at bar, the Omnibus Clause of section 7212(a) can in no way be regarded as a statute that unambiguously sets forth all elements necessary to constitute the offense. On the contrary, the *Marinello* opinion (and the oral argument that preceded it) make quite clear that—absent the clarifying nexus requirement (along with the requirement that the administrative proceeding be pending or reasonably foreseeable)—great (and perhaps unconstitutional) uncertainty abounds as to the elements of the offense.

The district court in *Lawson* expressly and persuasively rejected the line of cases cited in the R&R in support of the position that the *Marinello* requirements are requirements of proof and not of pleading. *See Lawson*, 2018 WL 3375170 at *4. "Neither the government nor the authorities it relies upon confront the well-established caselaw holding that an indictment must fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Id.* (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974) (further internal quotation omitted)). *See also United States v. Sewell,* 513 F.3d 820, 821 (8th Cir. 2008) (an indictment is insufficient on its face if a substantive essential element is omitted).

"Under *Marinello*, it is now clear that the essential elements of endeavoring to obstruct the IRS include (1) a pending, or reasonably foreseeable, targeted administrative proceeding, such as an audit; and (2) a nexus between the defendant's obstructive endeavors and the proceeding." *Lawson*, 2018 WL 3375170 at *5. Count II of the indictment in the case at bar does not plead these elements. And, because these elements are not found within the indictment, it follows that the grand jury that returned the indictment was not asked to, and did not, find that probable cause

8

existed that these elements were satisfied. As a result, Prelogar has been deprived of his Fifth Amendment right to indictment by a grand jury as to all the elements of the offense. *See United States v. Denmon*, 483 F.2d 1093 (8th Cir. 1973). Thus, as a matter of law, Count II must be dismissed.[2]

### III. Conclusion

Based on the foregoing, this Court should grant Prelogar's motions to dismiss Count I because even willful evasion of a *penalty* is not a crime under section 7201 and Count II based on the Supreme Court's decision in *Marinello*.

Respectfully submitted,

**MARGULIS GELFAND, LLC**

*/s/ Justin K. Gelfand*
Justin K. Gelfand
8000 Maryland Avenue, Suite 420
St. Louis, MO 63105
(314) 390-0230 (p)
(314) 485-2264 (f)
justin@margulisgelfand.com
***Attorney for Prelogar***

**CAPES SOKOL, PC**

*/s/ Sanford J. Boxerman*
Sanford J. Boxerman
7701 Forsyth Blvd., Suite 1200
St. Louis, MO 63105
(314) 721-7701 (p)
(314) 721-0554 (f)
boxerman@capessokol.com
***Attorney for Prelogar***

---

[2] Interestingly, the Magistrate Judge, in a separate pretrial order, enunciated these very principles as to the need for the indictment to contain all the elements. *See* Doc. 66 at pp. 2-3. "This test ensures that a grand jury has considered and found all essential elements of the offense charged." *Id.* at p. 3 (citing *Zangger*, 848 F.2d at 925).

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                              */s/ Sanford J. Boxerman*
                                              Sanford J. Boxerman
                                              Capes Sokol
                                              7701 Forsyth Blvd., Suite 1200
                                              St. Louis, MO 63105
                                              (314) 721-7701 (p)
                                              (314) 721-0554 (f)
                                              boxerman@capessokol.com