# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>BARRETT PRELOGAR,<br><br>    Defendant. | Case No. 17-00248-01-CR-W-BP |

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION

The United States files this response to the Defendant's Objections to Report and Recommendation.[1] The grand jury indicted Barrett Prelogar on August 8, 2017, with two tax crimes: tax evasion, in violation of 26 U.S.C. § 7201; and corruptly endeavoring to obstruct or impede the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a). Prelogar moved to dismiss both counts. On October 9, 2018, Magistrate Judge Maughmer issued a Report and Recommendation to deny both motions.[2]

The United States agrees with Judge Maughmer's well-reasoned Report and Recommendation and has no objections to it. Prelogar's objections fundamentally reiterate the arguments in his original motions. Therefore, the United States will rest on the positions set forth in its responses.[3]

---

[1] Doc. 68.

[2] Doc. 65.

[3] Docs. 43, 44, 51.

One point, however, merits clarification. Count One of the Indictment charges Prelogar with evading payment of Trust Fund Recovery Penalties assessed against him *and* his 2008 income taxes. He argues that the Court should dismiss this count because Section 7201 criminalizes evading a "tax", so the evasion of a "penalty" does not fall within the statute's scope. That is incorrect, however, because as the Report and Recommendation makes clear, the Internal Revenue Code plainly specifies that the Trust Fund Recovery Penalty shall be considered a tax under the Code.[4] *See* 26 U.S.C. § 6671(a).

Nonetheless, even if the Court were to agree with Prelogar, that would not necessitate dismissing Count One. As mentioned, that count also charges Prelogar with evading his 2008 income taxes. Therefore, rather than dismissing the entire count, the Court could strike the portion of it pertaining to the evasion of Trust Fund Recovery Penalties and allow the allegation of evasion of income taxes to proceed. *See Salinger v. United States*, 272 U.S. 542, 548-49 (1926); *United States v. Leichtnam*, 948 F.2d 370, 377 (7th Cir. 1991) (striking a portion of an indictment is allowed when "[n]o offense not charged in the original indictment has been added, and no possible basis for conviction not contained in the original indictment has been created."); *United States v. Sullivan*, 919 F.2d 1403, 1436 (10th Cir. 1990) (a court may "strike from an indictment allegations which are both independent of and unnecessary to the offense on which a conviction ultimately rests, provided nothing is thereby added to the indictment").

---

[4] Doc. 65 at 2.

WHEREFORE, the government requests that the Court issue an order adopting the Report and Recommendation to deny the motions to dismiss Counts One and Two of the Indictment.

Respectfully submitted,

Timothy A. Garrison
United States Attorney

By: */s/ Paul S. Becker*

Paul S. Becker
Assistant United States Attorney
400 E 9th Street, Suite 5510
Kansas City, MO 64106
Telephone: (816) 426-3122

*/s/ Paul S. Becker for*

David Zisserson    D.C. Bar No. 493772
Trial Attorney
U.S. Dept. of Justice, Tax Division
601 D. Street, N.W.
Washington, DC 20004
Telephone: (202) 514-6479
David.Zisserson@usdoj.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on October 30, 2018, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Paul S. Becker*

Paul S. Becker
Assistant United States Attorney