IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BARRETT PRELOGAR,<br><br>Defendant. | Case No. 4:17-CR-00248-BP |

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION AND DENYING DEFENDNAT'S MOTIONS TO DISMISS THE INDICTMENT

On October 9, 2018, the Honorable John T. Maughmer, United States Magistrate Judge for this District, issued a Report recommending that the undersigned deny Defendant's motions to dismiss Counts I and II for failure to state an offense. (Doc. 65.) The Court has reviewed the Report, the parties' briefs, and Defendant's objections to the Report. Based on a *de novo* review of the record as a whole, the Court **ADOPTS** Judge Maughmer's Report as the order of the Court and **DENIES** Defendant's motions to dismiss Count I (Doc. 30) and Count II (Doc. 31). Because of the Report's thoroughness, the Court's Order is only intended to supplement Judge Maughmer's Report.

Count I charges that Defendant "did willfully attempt to evade and defeat the payment of the Trust Fund Recovery Penalty ("TFRP") due and owing by him to the United States of America . . . and the payment of income tax due and owing by him to the United States of America" in violation of 26 U.S.C. § 7201. Defendant argues that § 7201 does not apply to him because the TFRP owed is a penalty and not a tax. In support of this argument, Defendant quotes Section 7201, which prohibits the willful evasion of "any *tax* imposed by this title or the payment thereof."

*Id.* (emphasis added). Initially, the Court notes that Defendant's argument does not justify dismissal of Count I because Count I alleges that Defendant attempted to evade the payment of both taxes and penalties. At best, Defendant's argument would justify only limiting the scope of Count I. Regardless, the Court does not agree with Defendant that § 7201 applies only to evasion of the tax itself. Section 7201 makes it unlawful to attempt "to evade or defeat any tax", and § 6671(a) states that "any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter." 26 U.S.C. § 6671(a). As explained in the Report, a "plain reading of Section 6671(a) leads to the inescapable conclusion that a reference to 'tax imposed' in a statute under the Internal Revenue Code [Title 26] must be deemed to include a 'penalty' provided in the subchapter [Subchapter B: Accessible Penalties]." Therefore, Defendant's arguments with respect to Count I are rejected.

In Defendant's objections to the Report, he argues that the Fifth Circuit supports his claim that a penalty is not a tax for the purposes of § 7201. (Doc. 68, p. 3.)[1] In *United States v. Wright*, 211 F.3d 233 (5th Cir. 2000), the Fifth Circuit addressed whether petitioners could be prosecuted for tax evasion if they owed only interest and penalties. *Wright,* 211 F.3d at 236–37. The Court based its analysis by relying on *Sansone v. United States*, 380 U.S. 343 (1965), where the Supreme Court observed that a conviction under § 7201 requires proof of a "tax deficiency." *Id.* at 236 & n.2 (citing *Sansone,* 380 U.S. at 351). The Fifth Circuit then relied on the tax code's definition of "tax deficiency" – which does not include a tax penalty – to conclude that a conviction under § 7201 cannot be predicated on the willful evasion of a tax penalty. *Id.* at 236 & n. 3–4 (citing 26 U.S.C. §§ 6211, 6601(e)). The Court declines to follow *Wright* for several reasons. First, *Wright*

---

[1] All page numbers are those created by the Court's CM/ECF system.

does not discuss § 6671.  Second, the phrase "tax deficiency" does not appear in § 7201, so the more limiting definition of "tax deficiency" (as opposed to the definition of "tax" found in § 6671) is inapplicable.  Third, the issue in *Sansone* involved the circumstances under which a person charged with felony tax evasion is entitled to a lesser-included offense instruction for the misdemeanor of willful failure to pay a tax.  Thus, it does not appear that when *Sansone* said the elements of § 7201 included a "tax deficiency," it meant to use the technical definition of the phrase as found elsewhere in the tax code.  For these reasons, the Court denies Defendant's arguments with respect to Count I.

Count II charges that Defendant corruptly endeavored to obstruct or impede the due administration of the internal revenue laws in violation of 26 U.S.C. § 7212(a).  Defendant argues § 7212(a) is impermissibly vague because it is unclear whether it is a violation of the statute "to engage in *any* activity that makes it more difficult for the IRS to administer the internal revenue laws, or whether it is only a violation of § 7212(a) to engage in obstructive activity *after* becoming aware of an active audit or investigation." (Doc. 31, p. 4) (emphasis in original).  Defendant also claims the statute is overbroad because it "sweeps otherwise innocent conduct within the gamut of potential felony prosecution." (Doc. 31, p. 7.)  However, as the Report details, the Supreme Court set clear evidentiary and proof standards for the government in proving a violation of § 7212(a) in *Marinello v. United States*, 138 S. Ct. 1101, 1109–10 (2018).  Thus, the statute is not vague because it does not invite arbitrary enforcement and it is not overbroad because its reach was narrowed by the standards set out by *Marinello*.  For these reasons, the Court rejects Defendant's arguments with respect to Count II.

Defendant argues that Count II is insufficient because *Marinello* requires the government to demonstrate a "nexus" between the Defendant's conduct and an administrative proceeding in

the indictment, as opposed to proving the nexus at trial. As the Report explains, the nexus requirement need not be included in the indictment charging a violation of § 7212(a). The text of *Marinello* sets forth standards "to secure a conviction," not to state an offense in an indictment. *Marinello*, 138 S. Ct. at 1109. And, courts interpreting other federal laws with similar language have held that *Marinello*'s "nexus" requirement need not be included in an indictment.

Accordingly, the Court **ADOPTS** Judge Maughmer's recommendation and **DENIES** Defendant's motions to dismiss Count I (Doc. 30) and Count II (Doc. 31).

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE: November 2, 2016    UNITED STATES DISTRICT COURT