**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BARRETT PRELOGAR,<br><br>Defendant. | Case No. 17-00248-01-CR-W-BP |

**ORDER (1) OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, (2) ADOPTING REPORT AND RECOMMENDATION,
AND (3) DENYING DEFENDANT'S MOTION FOR REMEDY**

Pending is Defendant's motion for a remedy to address alleged violations of his right to counsel or the attorney-client privilege. (Doc. 67.) The Honorable John T. Maughmer, United States Magistrate Judge for this District, issued a Report recommending that the motion be denied. Following Defendant's objections and on de novo review, the Court adopts Judge Maughmer's Report as the Order of the Court. Defendant's motion for a remedy is **DENIED**.

## I.  BACKGROUND

The Court adopts the Report in its entirety, including its recommended findings of fact. In summary, Defendant is charged with two felony tax violations. Prior to the Indictment, the lead case agent, Special Agent Alex Churchman, interviewed Defendant's former attorney, James Wirken. Upon learning of this interview, Defendant file a motion for an evidentiary hearing to determine whether the government obtained any privileged communication from Wirken. On October 2, 2018, Judge Maughmer held an evidentiary hearing on these issues.

After the hearing, Defendant filed a motion arguing that Churchman violated his rights under the Fifth and Sixth Amendments and the attorney-client privilege. Defendant's motion sought dismissal of the indictment or, alternatively, disqualification of the prosecution team. (Doc. 67.) On January 18, 2019, Judge Maughmer filed a report recommending that the Court deny Defendant's motion. (Doc. 76.) For the following reasons, the Court adopts Judge Maughmer's Report and **DENIES** the motion for a remedy.

## II. <u>DISCUSSION</u>

The Court adopts Judge Maughmer's recommendation in its entirety; this Discussion is meant only to augment his legal analysis. As the Report notes, Churchman wanted to question Wirken about his involvement in a number of Defendant's transactions and also wanted to evaluate whether Defendant had a potential reliance-on-counsel defense. During the interview, Wirken was asked about conversations he had with Defendant. Wirken indicated when he could not respond because of the attorney-client privilege, and Churchman did not pursue those lines of questioning further. Although Wirken does not believe he disclosed any confidential communications between himself and Defendant, the record is unclear as to whether the government obtained confidential information in the course of interviewing Wirken. However, for the purposes of this motion, the Court assumes that the government solicited and obtained some information from Wirken that is protected by the attorney-client privilege.

Defendant first argues that the government's actions violated his right to counsel under the Sixth Amendment. The Court disagrees. A defendant's Sixth Amendment rights attach only after the government has initiated formal proceedings such as an indictment, information, preliminary hearing, or arraignment. *Kirby v. Illinois*, 406 U.S. 682, 689–90 (1972); *Beck v. Bowersox*, 362

2

F.3d 1095, 1101 (8th Cir. 2004). Since the government interviewed Wirken before Defendant was indicted or any other formal proceedings had begun, the Sixth Amendment was not violated.

Next, Defendant claims that dismissing the indictment or alternatively disqualifying the prosecution team is appropriate because the government violated his Fifth Amendment due process rights. The Court disagrees. Although misconduct by law enforcement may amount to a due process violation when it shocks the conscience of the court, there was no such outrageous conduct here. *See, e.g.*, *United States v. Hunt*, 171 F.3d 1192, 1195 (8th Cir. 1999). As the Report summarizes, there is at least some evidence that statements made by Defendant's attorney indicated that Defendant would assert a reliance-on-counsel defense that would have waived Defendant's attorney-client privilege.[1] If the government believed a reliance-on-counsel defense had been asserted, then the government's questioning was proper. Finally, even if Defendant had not asserted a reliance-on-counsel defense at the time of the interview, the Record is unclear as to whether Wirken actually disclosed confidential communications in the interview. Given the uncertainty of whether Defendant had asserted a reliance-on-counsel defense at the time of the interview and the uncertainty as to whether Wirken disclosed any privileged information, the Court's conscience is not shocked.

In his objection to the Report and Recommendation, Defendant argues that "the confidential, privileged information which the Government learned by interviewing Wirken played a direct role in the Government's determination as to how to frame the indictment, what to put in it, and, importantly, what to leave out of it." (Doc. 77, p. 5.)[2] However, as the Report

---

[1] The government claims that Judge Maughmer found that Defendant's attorney at the time of the interview, Mark Thornhill, "had asserted a reliance on the advice of counsel defense prior to the interview of Wirken." (Doc. 79, p. 1.) However, this overstates the Report, which notes "the statements made by [Thornhill] at the time of the interview *could* be interpreted as asserting an advice-of-counsel defense that would have waived any privilege . . ." (Doc. 76, p. 12) (emphasis added.)

[2] All page numbers reference those created by the Court's CM/ECF system.

details, the attorney-client privilege is a testimonial privilege. "[S]o long as no evidence stemming from the breach of the privilege is introduced at trial, no prejudice results." *United States v. White*, 970 F.2d 328, 336 (7th Cir. 1992). The government admits that should this case go to trial it does not intend to introduce evidence gained in or relating to Wirken's interview in its case-in-chief. (Doc. 63, p. 87–88.) Therefore, there is no prejudice to Defendant and the government's conduct does not amount to outrageous conduct.

### III. <u>CONCLUSION</u>

For these reasons, the Court adopts the Report and Recommendation of Judge Maughmer and **DENIES** Defendant's motion for a remedy following the evidentiary hearing. (Doc. 67.)

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
DATE: March 1, 2019          UNITED STATES DISTRICT COURT