**INSTRUCTION NO. _____**

I understand you may want to tell your family, close friends and other people about your participation in this trial so that you can explain when you are required to be in court, and you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence. You must not post any information on a social network, or communicate with anyone, about the parties, witnesses, participants, charges, evidence, or anything else related to this case, or tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based on the evidence and the law.

While you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, computer, the Internet, any Internet service, any text or instant messaging service, any social media, including services or apps such as Facebook, Instagram, Snapchat or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.

Do not do any research—on the Internet, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. Also, do not research any

information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

Are there any of you who cannot or will not abide by these rules concerning communication with others and outside research in any way, shape or form during this trial?

**INSTRUCTION NO. 2**

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not email, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

## INSTRUCTION NO. _3_

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions – both those I give you now and those I give you later – are equally binding on you and must be followed.

This is a criminal case, brought against the defendant by the United States. The defendant is charged with tax evasion and corruptly endeavoring to obstruct and impede the due administration of the Internal Revenue laws. Those charges are set forth in what is called an Indictment, which reads as follows:

### COUNT ONE

From on or about May 2011, up to and including March 28, 2016, in the Western District of Missouri and elsewhere, Barrett Prelogar, a resident of Leawood, Kansas, did willfully attempt to evade and defeat the payment of the Trust Fund Recovery Penalty (TFRP) due and owing by him to the United States of America, which had been assessed against him personally for the quarters ending December 31, 2002, March 31, 2003, and June 30, 2003, for the unpaid trust fund taxes of Winntech Digital Systems, Inc. and the payment of income tax due and owing by him to the United States of America for the calendar year 2008, by committing the following affirmative acts, among others: (1) using corporate funds to pay his personal expenses; (2) structuring cash withdrawals from Winntech Digital Systems, Inc.'s account; and (3) from March 2013, through March 2016, Prelogar cashed his

payroll checks from Bareskull Innovation, LLC, rather than placing the money into a personal bank account.

All in violation of Title 26, United States Code, Section 7201.

## COUNT TWO

From on or about May 2011, and continuing thereafter up to and including March 28, 2016, in the Western District of Missouri and elsewhere, Barrett Prelogar did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by committing the following acts among others: (1) using corporate funds to pay his personal expenses; (2) structuring cash withdrawals from Winntech Digital Systems, Inc.'s account; and (3) from March 2013 through March 2016, Prelogar cashed his payroll checks from Bareskull Innovation, LLC, rather than placing the money into a personal bank account.

All in violation of Title 26, United States Code, Section 7212(a).

You should understand that an Indictment is simply an accusation. It is not evidence of anything. The defendant has pled not guilty, and is presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether the defendant is guilty or not guilty of the crimes charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must

follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only this defendant, and not anyone else, is on trial here, and that this defendant is on trial only for the crimes charged, not for anything else.

# INSTRUCTION NO. 4

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, which the Government must prove beyond a reasonable doubt to make its case.

As to the crime of tax evasion charged in Count One, the Government must prove:

*One*,   that there exists a substantial tax deficiency owed by the defendant to the Internal Revenue Service, as charged;

*Two*,   the defendant attempted to evade and defeat that tax; and

*Three*, the defendant acted willfully.

As to the crime of corruptly trying to obstruct or impede the due administration of the Internal Revenue laws as charged in Count Two, the Government must prove:

*One*, that the defendant acted in any way corruptly—that is, he acted with the intent to secure an unlawful advantage or benefit or financial gain either for himself or for another;

*Two*, that the defendant endeavored;

*Three*, that the corrupt endeavor was to obstruct or impede the due administration of the Internal Revenue Code;

*Four*, that the defendant had actual knowledge of a pending or imminent particular IRS administrative proceeding or targeted administrative action, or that a pending or imminent particular IRS administrative proceeding or targeted administrative action was reasonably foreseeable to the defendant; and

*Five*, that there was a nexus between the defendant's conduct and a particular IRS administrative proceeding or targeted administrative action.

You should understand, however, that what I have just given you is only a

preliminary outline. At the end of the trial, I shall give you final instructions on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial must govern you.

# INSTRUCTION NO. 5

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated – that is, formally agreed to by the parties, and any facts that have been judicially noticed – that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with

those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

## INSTRUCTION NO. 6

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

## INSTRUCTION NO. 7

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

# INSTRUCTION NO. 8

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

## INSTRUCTION NO. 9

To insure fairness, you as jurors must obey the following rules:

First, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

Third, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to the Courtroom Deputy, Tracy Diefenbach.

Fourth, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk to or visit with you.

Fifth, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your

presence. You must not communicate with anyone or post information about the parties, witnesses, participants, charges, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties and it may result in the verdict being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict.

Sixth, do not do any research—on the Internet, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

Seventh, do not read any news stories or articles in print, or on the Internet, or in any blog, about the case, or about anyone involved with it, or listen to any radio or

television reports about the case or about anyone involved with it. In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any television or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so. Failure to follow these instructions may result in the case having to be retried and could result in you being held in contempt.

Eighth, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

**INSTRUCTION NO. 10**

The trial will proceed in the following manner:

First, the Government attorney will make an opening statement. Next the defendant may, but does not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The Government will then present its evidence and the defendant may cross-examine. Following the Government's case, the defendant may, but does not have to, present evidence, testify or call other witnesses. If a defendant calls witnesses, the Government may cross-examine them.

After the presentation of evidence is completed, the Government attorney and the defendant will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The Court will instruct you further on the law. After that you will retire to deliberate on your verdict.

## INSTRUCTION NO. 11

We are about to take a recess and I remind you of the instruction I gave you earlier.

During this recess, and every other recess, you must not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else. Do not allow anyone to discuss the case with you or within your hearing. Only you have been chosen as jurors in this case, and only you have sworn to uphold the law—no one else has been chosen to do this. You should not even talk among yourselves about the case before you have heard all the evidence and the case has been submitted to you by me for deliberations, because it may affect your final decision. If anyone tries to talk to you about the case, please let me know about it immediately.

When I say "you must not discuss the case with anyone," I also mean do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

## INSTRUCTION NO. 12

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions:

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you now, as well as those I gave you earlier, are in writing and will be available to you in the jury room. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

**INSTRUCTION NO. 13**

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

# INSTRUCTION NO. 14

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, the facts that have been stipulated – this is, formally agreed to by the parties, and the facts that have been judicially noticed – this is, facts which I say you may, but are not required to, accept as true, even without evidence.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

I. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

# INSTRUCTION NO. 15

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection, or lapse of memory, or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

## INSTRUCTION NO. 16

You will remember that certain schedules, summaries and charts were admitted in evidence. You may use those schedules, summaries and charts as evidence, even though the underlying documents and records are not here. However, the accuracy of those schedules, summaries and charts has been challenged. It is for you to decide how much weight, if any, you will give to them. In making that decision, you should consider all of the testimony you heard about the way in which they were prepared.

## INSTRUCTION NO. 17

The Indictment in this case charges the defendant with two different crimes. Count One charges the defendant with tax evasion and Count Two charges the defendant with corruptly endeavoring to obstruct and impede the due administration of the Internal Revenue laws. The defendant has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges the defendant with the crimes for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendant to be innocent. Thus, the defendant began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty of each count. This presumption can be overcome as to each charge only if the Government proved during the trial, beyond a reasonable doubt, each element of that charge.

Keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count.

There is no burden upon a defendant to prove that he is innocent. Instead, the burden of proof remains on the Government throughout the trial. The fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdicts.

**INSTRUCTION NO. 18**

The crime of tax evasion as charged in Count One of the Indictment has three elements, which are:

*One*, that the defendant had a substantial tax due and owing to the Internal Revenue Service, as charged;

*Two*, the defendant attempted to evade and defeat that tax; and

*Three*, the defendant acted willfully.

To "attempt to evade or defeat" a tax involves two things: (1) an intent to evade or defeat the tax; and (2) some act willfully done in furtherance of such intent. So, the word "attempt" contemplates that the defendant knew and understood that, during the time period charged in the Indictment, he owed a tax to the IRS, but that he nevertheless attempted to evade or defeat all or a substantial portion of the tax.

To "evade and defeat" a tax means to escape paying a tax by means other than lawful avoidance.

Various schemes, subterfuges, and devices may be resorted to, in an attempt to evade or defeat a tax. The ones alleged in the Indictment are that the defendant willfully (1) used corporate funds to pay his personal expenses; (2) structured cash withdrawals from Winntech Digital Systems, Inc.'s account; and (3) from March 2013, through March 2016, cashed his payroll checks from Bareskull Innovation, LLC, rather than placing the money into a personal bank account.

The statute makes it a crime willfully to attempt, in any way or manner, to evade or defeat any tax imposed by law. Therefore, in order to find the defendant guilty, you need

to find that the defendant committed only one of these acts in a willful attempt to evade and defeat a tax. However, your finding as to which act must be unanimous. To find the defendant guilty of Count One, the jury must unanimously agree that at least one affirmative act of evasion occurred after August 8, 2011.

Even an activity that would otherwise be legal can constitute an affirmative act to evade a tax, so long as the defendant commits the act with the intent to evade tax.

Although the Government must prove a tax due and owing, the proof need not show the precise amount of the tax due. The Government is only required to establish, beyond a reasonable doubt, that the defendant attempted to evade a substantial tax. The Trust Fund Recovery Penalties referred to in the Indictment constitute a "tax" for this purpose.

Evidence of a formal tax assessment that has become administratively final, in the absence of any challenge, may be sufficient to satisfy the Government's burden of proving a tax due and owing. An administratively final tax assessment, however, does not necessarily reflect the existence of a tax deficiency. Based on all of the evidence the parties presented, you must decide whether the Government has proven this element beyond a reasonable doubt.

To act "willfully" means to act voluntarily and intentionally with the purpose of violating a known legal duty.

While, to be guilty of tax evasion, a defendant must intend to evade or defeat a tax, this need not be his sole motive.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count One, otherwise you must find the defendant not guilty of this crime.

**INSTRUCTION NO. 19**

The defendant is charged in Count Two with corruptly endeavoring to obstruct or impede the due administration of Internal Revenue laws on about the dates set forth in the Indictment. For you to find the defendant guilty of this crime, the Government must prove the following five elements beyond a reasonable doubt:

*First*, that the defendant acted in any way corruptly; and

*Second*, that the defendant endeavored; and

*Third*, that the corrupt endeavor was to obstruct or impede the due administration of the Internal Revenue Code; and

*Fourth*, that the defendant had actual knowledge of a pending or imminent particular IRS administrative proceeding or targeted administrative action, or that a pending or imminent particular IRS administrative proceeding or targeted administrative action was reasonably foreseeable to the defendant; and

*Fifth*, that there was a nexus between the defendant's conduct and a particular IRS administrative proceeding or targeted administrative action.

To act "corruptly" means to act with the intent to secure an unlawful advantage or benefit or financial gain either for oneself or for another. The actions need not themselves be illegal.

Count Two of the Indictment charges three alleged corrupt acts. If you conclude that the defendant committed one of these three corrupt acts, your finding as to which act the defendant committed with the intent to secure an unlawful advantage or benefit or financial gain either for himself or for another must be unanimous. To find the defendant guilty of Count Two, the jury must unanimously agree that at least one corrupt act

occurred after August 8, 2011.

The term "endeavored" as used in these instructions means to knowingly and deliberately act or to knowingly and deliberately make any effort that has a reasonable tendency to bring about the desired result.

The Government must prove some "act" by the defendant, rather than a failure to act. It is not necessary for the Government to prove that the "endeavor" was successful or, in fact, achieved the desired results.

To "obstruct or impede" means to hinder, check, stop, or retard the progress of; or to make accomplishment difficult and slow.

The "due administration of the Internal Revenue Laws" means a particular tax-related proceeding or targeted administrative action. It does not include routine administrative procedures that are near-universally applied to all taxpayers, such as the ordinary processing of tax returns.

The term "nexus" requires the Government to prove beyond a reasonable doubt a relationship between the defendant's alleged obstructive conduct and a particular tax-related proceeding or targeted administrative action. To prove a nexus, there must be a relationship in time, causation, or logic between an alleged obstructive act and the tax-related action or proceeding. It is not enough for the Government to prove that the defendant thought the IRS might catch on to the allegedly unlawful scheme eventually.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count Two, otherwise you must find the defendant not guilty of this crime.

**INSTRUCTION NO. 20**

Prior to assessing a Trust Fund Recovery Penalty, the IRS must notify the taxpayer that he is subject to the assessment in writing by mail or in person, at least 60 days before demanding payment. Although the law does not require a particular form or procedure for giving such notice, the IRS often provides the notice via a Letter 1153. A taxpayer may waive the 60-day notice requirement.

**INSTRUCTION NO.  21**

To "structure" a transaction means to deposit, withdraw, or otherwise participate in transferring a total of more than $10,000 in cash or currency using a financial institution or bank by intentionally setting up or arranging a series of separate transactions, each one involving less than $10,000, for the purpose of evading the currency-reporting requirement that would have applied if fewer transactions had been made.

## INSTRUCTION NO. 22

One of the issues in this case is whether the defendant acted in "good faith." "Good faith" is a complete defense to the crime of attempting to evade and defeat any tax if the defendant did not act willfully, which is an element of the charge. "Good faith" is also a complete defense to the crime of corruptly endeavoring to obstruct or impede the due administration of Internal Revenue laws, if the defendant did not act corruptly, which is an element of that charge.

The essence of the good faith defense is that one who acts with honest intentions cannot be convicted of a crime requiring proof that the defendant acted willfully, that is, voluntarily and intentionally violating a known legal duty, or corruptly, that is, with the intent to secure an unlawful advantage or benefit or financial gain either for oneself or for another.

The phrase "good faith" includes, among other things, an opinion or belief honestly held, even if the opinion is in error or the belief is mistaken, and the intent to perform all lawful obligations. Proof of willfulness or of acting corruptly requires more than proof that a defendant only misunderstood the requirements of the law, made a mistake in judgment or was careless.

It is for you to decide whether the defendant acted in good faith – that is, whether he sincerely misunderstood the requirements of the law – or whether the defendant knew the requirements of the law and chose not to comply with those requirements. The Government has the burden of proving beyond a reasonable doubt that the defendant acted willfully as to Count One and corruptly as to Count Two. Evidence that the defendant acted in "good faith" may be considered by you, together with all the other

evidence, in determining whether or not he acted willfully and corruptly.

**INSTRUCTION NO. 23**

With respect to both counts charged in the Indictment, intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of a defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

## INSTRUCTION NO. 24

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all of the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

## INSTRUCTION NO. 25

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict - whether guilty or not guilty - must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through my courtroom deputy, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict, whether guilty or not guilty, must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the forms, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.